## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PREET M. SINGH,
    Appellant,

    v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
SF-0752-15-0629-I-1

DATE: September 1, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Elaine W. Wallace, Esquire, Oakland, California, for the appellant.

Christoph Riddle, Esquire, and Nina Paul, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, a Supervisor of Distribution Operations at the agency's Oakland Processing and Distribution Center, appealed his removal for two specifications of improper conduct. Initial Appeal File (IAF), Tab 1. In pertinent part, the proposing official alleged that the appellant engaged in an altercation with a subordinate employee while on duty and that he subsequently interfered with the agency's investigation into the altercation. IAF, Tab 5 at 81-90. After providing the appellant with two opportunities to respond to information that was omitted from the documentation that the agency provided to him with the notice of proposed removal, *id*. at 68-69; IAF, Tab 30 at 15-16, the deciding official considered the appellant's numerous written and oral responses, but he found the statements of other witnesses more credible than the appellant's categorical denial that he had struck the subordinate employee, IAF, Tab 5 at 35-41. Regarding the second specification, the deciding official found the appellant's admissions that he had sought to correct an eyewitness's statement concerning the time that the incident occurred and had requested that the eyewitness use names instead of pronouns in her statement established that he inappropriately interfered

with the agency's investigation into the incident. *Id.* at 41. Pursuant to his review of the *Douglas* factors, the deciding official found, among other things, that the misconduct at issue was extremely serious, particularly in light of the appellant's supervisory position and his clear knowledge of agency policy regarding workplace violence. *Id.* at 42; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The deciding official also found no potential for rehabilitation, explaining that the misconduct exhibited "a stunning lack of self-control" that caused him to lose confidence in the appellant's capacity to perform his supervisory duties without resorting to violence. IAF, Tab 5 at 42.

¶3 The appellant filed a timely appeal in which he requested a hearing and argued that the agency had relied on false evidence. IAF, Tab 1. He asserted affirmative defenses of harmful procedural error and denial of due process and also invoked the equitable doctrine of unclean hands. IAF, Tab 34 at 2-3. The appellant argued that the agency failed to meet its burden of proof and contended that removal was too harsh a penalty under the circumstances. *Id.*

¶4 After holding a hearing, the administrative judge sustained the first specification of improper conduct, finding that, even though the appellant was not the initial aggressor, the agency established that he engaged in a slapping fight with a subordinate employee. IAF, Tab 50, Initial Decision (ID) at 5-10. The administrative judge also sustained the second specification of improper conduct, finding that the appellant admitted that he had attempted to influence or alter the statement of an acting supervisor who witnessed the altercation. ID at 10-11. The administrative judge further found that the agency established a nexus between the established misconduct and the efficiency of the service. ID at 11-12.

¶5 The administrative judge determined that the appellant failed to establish his affirmative defenses, finding that the agency gave the appellant notice and an additional opportunity to respond to evidence that the deciding official had a contemporaneous exchange with one of the witnesses to the altercation and that

the agency did not err in designating that individual as the deciding official. ID at 12-14. She further found that the appellant failed to demonstrate that the agency had allowed union officials to coach certain witnesses, had manufactured evidence in support of his removal, or that it somehow had "unclean hands" regarding such actions. ID at 14-15. Concerning the irregularities that the appellant alleged in the agency's investigation of the altercation and imposition of his discipline, the administrative judge found that the appellant failed either to identify any law, regulation, or policy that the agency violated or demonstrate that the agency would have reached a different conclusion if it had conducted itself differently in this matter. ID at 16-20. Thus, having found that the agency did not deny the appellant due process or make a harmful procedural error, the administrative judge found that the deciding official considered the relevant *Douglas* factors and that the penalty of removal was within the tolerable limits of reasonableness in light of Board precedent and the circumstances involved.[2] ID at 20-23.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    In his petition for review, the appellant challenges the administrative judge's credibility determinations regarding the first specification, which concerns the appellant's altercation with his subordinate. Petition for Review (PFR) File, Tab 4 at 15-19. Notwithstanding those alleged inconsistencies, we agree with the administrative judge that the appellant's inherently implausible testimony that all the other witnesses were completely wrong or inaccurate, Hearing Transcript (HT) (Oct. 7, 2015) at 232; HT (Oct. 8, 2015) at 268, 276, 288, negatively impacted his credibility, ID at 7-10. In particular, the statements and testimony of other witnesses concerning the appellant striking the subordinate

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

employee were largely consistent with each other. *Id*. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004) (finding that the Board may overturn an administrative judge's demeanor-based credibility determinations when those findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole). The appellant fails to identify such sufficiently sound reasons in his petition for review, and we find that the administrative judge's findings are both consistent with the weight of the evidence and reflect the record as a whole.

¶7        The appellant also argues that the administrative judge erred in sustaining the second specification because the agency failed to establish that the appellant followed for an hour the individual who witnessed the altercation, as set forth in the notice of proposed removal. PFR File, Tab 4 at 6. He maintains that his supervisor instructed him to get the individual's statement and that he only sought to make sure the statement was clear and understandable. *Id.* The appellant reiterates his position that he did not attempt to influence the individual's statement and argues that there is no evidence to support the finding that he failed to cooperate with the agency's investigation. *Id.* at 7. He claims that his supervisor's instruction for him to take the individual's statement was "such a glaring error that most supervisors would respond by noting that they would never do such a thing" and argues that the supervisor's failure to remember whether she actually asked him to do it suggests she is likely to have done so. *Id.* As to this specification, the appellant further argues that the administrative judge misjudged the credibility of the witnesses, ignoring key *Hillen* factors to conclude that the appellant interfered with the investigation by attempting to influence the

witness statement in question. *Id.* at 11-15; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (setting forth factors to be considered by an administrative judge in making credibility determinations).

¶8        We disagree with the appellant. Given his personal involvement in the altercation at issue, it would be unusual for the appellant's supervisor to have involved him in securing statements from any of the witnesses. Indeed, the appellant's supervisor implicitly acknowledged this point when she testified that, when the appellant sought to correct the witness, he would have "no business knowing" the content of the statement because it was part of an ongoing investigation. HT (Oct. 7, 2015) at 264-65. Additionally, we note the individual making the statement at issue testified that it was the appellant who said to her that he would need a statement from her, not the appellant's supervisor. *Id.* at 157-58.

¶9        Nevertheless, even if his supervisor had asked the appellant to take the statement at issue, the record supports the administrative judge's finding that the appellant inappropriately interfered with the investigation. ID at 10-11. The appellant admitted "sharing" his position that he did not hit the subordinate employee, HT (Oct. 8, 2015) at 283, and we agree with the administrative judge that the individual making the statement in question credibly testified that the appellant's pressure in that regard made her uncomfortable, causing her to discard the partial statement she executed under the appellant's influence and rewrite it, *id.* at 159-69; ID at 10-11. Importantly, concerning the first specification, that individual's rewritten statement reflects that the appellant did hit the subordinate employee, IAF, Tab 5 at 141-42, and the appellant's testimony indicates that he clearly understood the serious consequences of doing so, HT (Oct. 8, 2015) at 265-66, giving him ample incentive to try to influence the statement at issue to indicate that he did not hit the subordinate employee.

¶10        The appellant argues that the deciding official committed harmful error by considering information not included in the notice of proposed removal, that

being the deciding official's comment that managers had reported to him previously that the appellant had performance issues. PFR File, Tab 4 at 21. However, the information in the notice of proposed removal on this particular *Douglas* factor and the analysis of it is substantially the same as it is in the decision letter, both of which found the information to weigh against the penalty of removal. IAF, Tab 5 at 42, 88. The deciding official determined that the appellant's overall satisfactory performance did not mitigate the seriousness of his misconduct. Nonetheless, a deciding official's familiarity with the facts of the case does not constitute a due process violation or harmful error. *Martinez v. Department of Veterans Affairs*, 119 M.S.P.R. 37, ¶ 11 (2012). We find that, on this record, the appellant fails to meet his burden to establish actual bias or an intolerable risk of unfairness pertaining to this issue. *Id.*, ¶ 10.

¶11    The appellant argues that the penalty of removal should be mitigated in light of *Faucher*. PFR File, Tab 4 at 12, 19-20. The Board has found mitigation of a removal to a suspension appropriate in a charge of physical assault on a coworker when: (1) no serious injury results; (2) no weapons are used; (3) the employee has a history of satisfactory performance; (4) the agency does not rely upon a prior disciplinary record in selecting the penalty; and (5) there is an element of provocation present. *Faucher*, 41 M.S.P.R. at 339. The appellant contends that he is less culpable than the appellant in *Faucher* because he only raised his arms in self-defense. PFR File, Tab 4 at 20. The administrative judge found that the appellant struck the subordinate employee, and, as noted above, we agree with her assessment of the evidence. ID at 9. We also agree with the administrative judge that the appellant failed to avail himself of several opportunities to defuse the situation during the multiple verbal exchanges that occurred between the parties to the altercation before the situation turned physical. ID at 22. Nevertheless, despite any similarities between the conduct recounted in the first specification and that which occurred in *Faucher*, the second specification not only distinguishes this case from *Faucher*, but is crucial

to the penalty analysis, especially considering the judgment of the deciding official that the appellant sought to influence the witness statement at issue for his own gain.  IAF, Tab 5 at 41.

¶12    When, as here, all of the agency's charges are sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine if it is within the parameters of reasonableness.  *E.g.*, *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 11 (2014).  The record reflects that the deciding official considered the relevant *Douglas* factors and that the administrative judge explicitly did so in light of *Faucher*.  ID at 20-23; IAF, Tab 6 at 41-43.  We find that, considering the significant misconduct established in the matter, especially in view of the appellant's status as a supervisor and the higher standard of conduct and integrity that entails, the penalty of removal is well within the bounds of reasonableness.  *E.g.*, *Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 23 (2008) (observing that agencies are entitled to hold supervisors to a higher standard of conduct).

¶13    The appellant also argues in his petition for review that he received ineffective counsel, alleging that his representative made several mistakes in representing him.  PFR File, Tab 4 at 20-22.  He suggests that his representative never read the agency file, *id.* at 20, but the record shows these documents were served on the appellant electronically because he registered as an e-filer and also were served by mail on his representative of record when the agency filed its response file, IAF, Tab 5 at 181.  He also notes his representative's failure to properly serve several documents, contending that in one instance such failure cost him important witness testimony regarding his allegation that certain witnesses were coached by union officials.  PFR File, Tab 4 at 20-21.  Nevertheless, the appellant fails to show that any of this would have changed the result, and the Board has long held that an appellant is responsible for the errors of his chosen representative.  *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶14    Finally, the appellant argues that the administrative judge erred in admitting a late-discovered document that should have been included with the agency file involving these same witnesses and which he claims was fabricated to support his removal.    PFR File, Tab 4 at 23-26.    The administrative judge devoted considerable space to the analysis of this claim, and we agree with her that the appellant failed to demonstrate that the union inappropriately influenced any of the witness statements in dispute or that any of these employees were biased against the appellant.  ID at 7-9.  We also agree with the administrative judge that, because the late-discovered document was not a part of the file that the proposing official or the deciding official considered, it does not demonstrate a harmful procedural error.  ID at 14-15.  Nor do we find that the administrative judge's choice to admit this evidence amounts to an abuse of her considerable discretion concerning admitting evidence into the record.  PFR File, Tab 4 at 26; *see Townsel v. Tennessee Valley Authority*, 36 M.S.P.R. 356, 359 (1988) (observing that an administrative judge has broad discretion to regulate the course of the hearing, including with regard to evidentiary issues).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.